ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
 *rzur@elkinskalt.com*
LAUREN N. GANS, State Bar No. 247542
 *lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Plaintiff Richard A. Marshack,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:19-bk-10526-TA |
| LF RUNOFF 2, LLC, | Chapter 7 |
| Debtor. | Adv. No. |
| | **COMPLAINT TO AVOID AND RECOVER VOIDABLE TRANSFERS** |
| RICHARD A. MARSHACK, Chapter 7 Trustee, | |
| Plaintiff, | Hon. Theodor C. Albert |
| v. | |
| AMERICAN AIRLINES, INC., a Delaware corporation, | |
| Defendant. | |

5336356.1

COMPLAINT

Plaintiff Richard A. Marshack ("Trustee") is the Chapter 7 trustee for the bankruptcy estate of debtor LF Runoff 2, LLC (the "Debtor"), and brings this adversary proceeding in that capacity. As the Trustee was not appointed until after the filing of the Debtor's bankruptcy petition, the Trustee does not have personal knowledge of certain facts alleged in this Complaint and therefore alleges such facts on information and belief.

## JURISDICTION AND VENUE

1.  In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Santa Ana Division of the United States Bankruptcy Court for the Central District of California (the "Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, because the claims asserted herein arise under title 11 of the United States Code or arise in or relate to the Chapter 7 case of the Debtor, currently pending in the Court as Case No. 8:19-bk-10526-TA (the "Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect on the Debtor's bankruptcy estate (the "Estate") because it will impact the disposition of property of the Estate and the amount of money available for distribution to creditors. The claims for relief in this Complaint constitute a core proceeding under 28 U.S.C. § 157(b). Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Court. The defendant hereby is notified that Fed. R. Bankr. P. 7012(b) requires the defendant to plead whether the claims for relief alleged against the defendant are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Court.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Bankruptcy Case is pending in this district and division. This Court also has personal jurisdiction over the defendant.

## PARTIES

3.  Plaintiff Trustee is the duly-appointed Chapter 7 trustee for the Debtor's Estate.

4.  Defendant American Airlines, Inc. ("Defendant") is a corporation existing under the laws of the state of Delaware, and is, and at all times mentioned was, licensed to do and doing business in the state of California.

/ / /

**THE DEBTOR'S BUSINESS**

5. The Debtor is a limited liability company organized in Delaware but principally located in California. At all relevant times, the Matthew Browndorf Living Trust was the Debtor's managing member and Matthew Browndorf ("Browndorf") was its Chief Executive Officer.

6. The Debtor was established as a holding company for a nationwide network of affiliated mortgage default foreclosure law firms including, without limitation, BP Peterman Law Group, LLC ("Peterman Law"), Wilson Keadjian Browndorf, LLP[1] ("WKB"), Civil Demand Associates, Inc ("CDA") and BP Fisher Law Group, LLP ("BP Fisher").

7. The Debtor has never had an independent business purpose.

8. The Debtor's subsidiaries (the "Foreclosure Firms") primarily engaged in the practice of law and specialized in transactional, regulatory, litigation and debt collection activities. The Foreclosure Firms operated primarily in California with leased offices in New York, New York; Washington, D.C.; Little Rock, Arkansas; Fort Worth, Texas; National Harbor, Maryland; and Brookfield, Wisconsin and maintained virtual offices throughout the United States.

9. Peterman Law specialized in default services, with a focus on mergers and acquisitions. Its office was located at 13700 West Greenfield Avenue, Brookfield, WI, 53005.

10. WKB's practice focused on the needs of business and finance clients in mergers and acquisitions and business and insurance litigation. Its core offices were located in New York at 114 West 47th Street, Suite 1810 and in California at 1900 Main St. Ste 600, Irvine, CA. It also had offices in D.C. and Arkansas. Browndorf was a named partner at WKB. WKB represented the Debtor in the acquisition of The Fisher Law Group, and BP Fisher's acquisition of CDA.

11. CDA was a civil recovery company formed to service the retail loss prevention community's growing concerns about deterring shoplifting and employee dishonesty.

12. BP Fisher was formed through the merger of The Fisher Law Group and BP Law Group, LLP in or around 2015. BP Fisher was a law firm with its principal place of business in

---

[1] In 2015, Browndorf dod Jennifer Wilson-Harvey formalized a transaction dissolving their affiliation and unwinding their minority ownership interests in, amongst other things Wilson Harvey Browndorf, LLP ("WHB") and the firm was renamed WKB.

Maryland. Its practice focused on the liquidation of asset backed loans, nonperforming commercial and residential loans, mortgages and deeds of trust, and other real estate finance instruments, representing banks, mortgage loan servicers, and note owners. BP Fisher's clients were owners of large portfolios of distressed commercial and residential real estate, who sought a one-stop solution to liquidate and monetize their portfolios. One of BP Fisher's largest clients was its affiliated asset management company, Distressed Capital Management, LLC ("DCM").

13. The Debtor's affiliate Plutos Sama Holdings Inc. ("PSH") was a corporation established in October 2018 to maintain the ownership of DCM, as well as Plutos Sama Client Services, LLC, Plutos Sama AUM, LLC, Plutos Capital Group, LLC, Plutos National Title, LLC, Rusama Limited, LLC, Plutos Sama International, LLC, Plutos Sama Employment Services, LLC, and RCM-US, LLC ("RCM"). To the extent the foregoing entities existed before 2018, they were subsidiaries of the Debtor.

14. DCM and RCM provided asset management and investment services in, among other places, Poland. RCM conducted business in, among other places, Luxemburg. Browndorf was the managing member of DCM.

## THE BANKRUPTCY CASES

15. On January 15, 2019, the Debtor's subsidiary, BP Fisher, filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy case no. 8:19-bk-10158-TA in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

16. On February 15, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy case no. 8:19-bk-10526-TA in the United States Bankruptcy Court for the Central District of California, Santa Ana Division. Pre-petition, the Debtor operated as Plutos Sama LLC.

17. On April 18, 2019, the United States Trustee filed a motion to dismiss or convert the case under 11 U.S.C. § 1112(b) for failure to comply with the U.S. Trustee guidelines and requirements for a Chapter 11 case. On May 14, 2019, Mr. Marshack was appointed as the Chapter 11 Trustee of the Debtor's bankruptcy estate.

18. On September 4, 2019, the Court entered an order converting the case to Chapter 7. On September 5, 2019, a notice of appointment and acceptance of trustee was filed by Mr. Marshack.

19. On April 26, 2019, Mr. Marshack was appointed as Chapter 11 Trustee of the BP Fisher estate. The BP Fisher case also was converted to a Chapter 7 on September 30, 2019, and the Trustee also was appointed as the Chapter 7 Trustee for BP Fisher.

## **THE DEBTOR'S CEO IS INDICTED IN MARYLAND AND WISCONSIN**

20. On August 19, 2022, the United States Attorney's Office, District of Maryland issued a press release stating that

> "[a] federal grand jury returned an indictment on August 16, 2022, charging Matthew C. Browndorf, age 51, of Irvine, California, with four counts of wire fraud and four counts of money laundering arising from a scheme to defraud the clients and employees of a foreclosure law firm that he owned by stealing more than $3.9 million…"
>
> …
>
> According to the indictment, Browndorf, a licensed attorney, was a partner at a California law firm and the Chief Executive Officer of Plutos Sama, LLC, a limited liability company organized in Delaware, but principally located in California.
>
> …
>
> As detailed in the indictment, Plutos Sama owned BP Fisher Law Group, LLP, a law firm located in Prince George's County, Maryland, that represented lenders and mortgage loan servicers in foreclosure and default proceedings in Maryland and the District of Columbia. BP Fisher acted as substitute trustee for lenders and mortgage loan servicers who had lawfully enacted foreclosure proceedings on properties in Maryland that were in default. The proceeds of those foreclosures would be transferred into BP Fisher's trust accounts.
>
> …
>
> The indictment alleges that once the proceeds of the foreclosures were deposited into BP Fisher's trust account, Browndorf transferred or directed the transfer of those funds out of the trust account and into other accounts that Browndorf controlled, when those funds should have been paid to BP Fisher's clients. The indictment further alleges that Browndorf similarly directed the transfer of funds out of BP Fisher's operating accounts, which often caused BP Fisher to be unable to pay its ordinary business expenses, including employee payroll, employee health insurance benefits, and employee retirement benefits.

21. On December 4, 2023, the United States Attorney's Office, Eastern District of Wisconsin, issued a press release indicating that

> "[O]n November 30, 2023, Matthew Browndorf (age: 53) was sentenced to 48 months' imprisonment, followed by 3 years of supervised release, for his willful failure to account for and pay over taxes owed to the Internal Revenue Service. Browndorf was also ordered to pay over $830,000 in restitution and a $100 special assessment.
>
> Publicly filed documents reflect that Browndorf—a lawyer—owned and operated a holding company named Plutos Sama, LLC. Through Plutos Sama, Browndorf also owned subsidiary law firms across the United States, including BP Peterman, which was based in Brookfield, Wisconsin. As Plutos Sama's CEO, Browndorf was responsible for ensuring that Plutos Sama and BP Peterman appropriately: collected and remitted payroll taxes; filed the appropriate payroll tax forms with the IRS; remitted funds associated with their employee pension benefit plan; and remitted funds associated with their health care benefit program. All told, the total tax loss associated with Browndorf's crimes exceeded $5,000,000. In addition, Browndorf's conduct hurt his employees.
>
> Court filings also documented that Browndorf enjoyed substantial income by virtue of his law practice and other ventures, and nevertheless chose to use the funds associated with his crimes to fund a lavish lifestyle, featuring sports cars, private flights, club memberships, and luxurious vacations. Court filings also revealed that Browndorf committed additional misconduct while on court supervision, including possessing over $30,000 in stolen goods.

**THE TRANSFERS**

22. As stated in Browndorf's indictment in the District of Maryland, on multiple occasions, Browndorf caused entities within his control to transfer funds for purposes unrelated to those entities or their businesses. The same was true of the Debtor, which was used to pay the expenses of multiple non-debtor subsidiaries and/or affiliates. Among the payments that the Debtor made for purposes unrelated to the Debtor or its business during the four year period leading up to the Petition Date, are payments made to Defendant for airfare solely for the benefit of one or more of the Foreclosure Firms, the non-debtor subsidiaries and/or affiliates and/or Browndorf and his friends and family for nonbusiness-related purposes (the "Transfers"). The Transfers were made via the Debtor's American Express credit card. Attached hereto as Exhibit 1 is a list of the Transfers.

23. By way of examples of airfare purchased solely to benefit the Foreclosure Firms, on July 24, 2018, the Debtor paid Defendant $554.39 for a flight for Andrew Corcoran from Los Angeles to Dulles. Andrew Corcoran was employed by and/or a shareholder of two of the

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Foreclosure Firms, BP Fisher and WKD. On January 11, 2018, the Debtor paid Defendant $366.10 for a flight for Benjamin Pliskie from Santa Ana to Chicago. Benjamin Pliskie was an attorney employed by Peterman Law. These flights conferred no benefit on the Debtor, which had no independent business purpose aside from serving as a holding company for the Foreclosure Firms and other non-debtor entities.

24. The Debtor did not receive any benefit from the Defendant on account of the Transfers.

## **FIRST CLAIM FOR RELIEF**

**(To Avoid Transfers under 11 U.S.C. § 544(b),**

**and Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05 and Cal. Civ. Code § 3439.07)**

25. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 24 above, as if set forth fully herein.

26. Defendant did not provide the Debtor with reasonably equivalent value for the Transfers and did not take such transfers in good faith. Specifically, Defendant (i) knew or consciously or recklessly chose to ignore facts known to it that strongly suggested that it was being paid by the Debtor because the payments were made via the Debtor's American Express credit cards; (ii) knew or consciously or recklessly chose to ignore facts known to it that strongly suggested that the consideration, if any, that Defendant provided in exchange for those payments were not for the Debtor but rather were for the benefit of the Foreclosure Firms, the non-debtor subsidiaries and/or affiliates and/or Browndorf and his friends and family for nonbusiness-related purposes; and (iii) knew or consciously or recklessly chose to ignore facts known to it that strongly suggested that the consideration, if any, that Defendant provided for such payments conferred no or less than substantially equivalent value upon the Debtor.

27. At all relevant times within the four years immediately preceding the Petition Date, the Debtor (i) was insolvent, or became insolvent as a result of each of the Transfers; (ii) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became

1 due.

2  28. At all relevant times, the Transfers were voidable under Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05 and Cal. Civ. Code § 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against its Estate under 11 U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e). These creditors include, without limitation, CT Corporation System, Squar Milner LLP and CNA Commercial Insurance.

 29. By reason of the foregoing, the Trustee may avoid the Transfers under 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05 and Cal. Civ. Code § 3439.07.

## SECOND CLAIM FOR RELIEF

**(To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. § 548(a)(1)(B))**

 30. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 29 above, as if set forth fully herein.

 31. Defendant did not provide reasonably equivalent value to the Debtor in exchange for the Transfers made within the two-year period immediately preceding the Petition Date (the "2-Year Transfers").

 32. At all relevant times within the two-year period immediately preceding the Petition Date, the Debtor (i) was insolvent, or became insolvent as a result of each of the Transfers; (ii) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

 33. By reason of the foregoing, the Trustee may avoid the 2-Year Transfers under 11 U.S.C. § 548(a)(1)(B).

## THIRD CLAIM FOR RELIEF

**(To Recover Avoidable Transfers Under 11 U.S.C. § 550(a))**

 34. The Trustee realleges and incorporates herein by reference each and every allegation in paragraphs 1 through 33 above, as if set forth fully herein.

 35. Defendant was the initial transferee of the Transfers.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5336356.1

8

COMPLAINT

36. The Trustee may recover the Transfers, or their value, from Defendant pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, the Trustee, on behalf of the Estate, prays for judgment against Defendant as follows:

1. On the first claim for relief, for a judgment against Defendant that (i) avoids the Transfers from the Debtor to or for the benefit of Defendant, (ii) imposes a constructive trust on the Transfers and any proceeds thereof, and (iii) requires Defendant to return those transfers and their proceeds, or their value, to the Trustee, for the benefit of the Estate;

2. On the second claim for relief, for a judgment against Defendant that (i) avoids the 2-Year Transfers from the Debtor to or for the benefit of Defendant, and (ii) requires Defendant to return those transfers and their proceeds, or their value, to the Trustee, for the benefit of the Estate;

3. On the third claim for relief, for a judgment against Defendant that requires it to return to the Trustee, for the benefit of the Estate, all transfers avoided by this Complaint;

4. For interest at the legal rate on all damages or sums awarded to the Trustee, for the benefit of the Estate; and

5. For such other relief as the Court deems just and proper.

DATED:  April 12, 2024        ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: *(signature)* Lauren Gans
ROYE ZUR
LAUREN N. GANS
Attorneys for Plaintiff Richard A. Marshack,
Chapter 7 Trustee

# EXHIBIT 1

| Entity | Account Name/Number | Transaction Date | Normalized Name | Transaction Amount |
|---|---|---|---|---|
| Plutos Sama | Christopher Irvine 3-22007 | 10/6/2016 | American Airlines | 457.2 |
| Plutos Sama | Christopher Irvine 3-22007 | 10/6/2016 | American Airlines | 457.2 |
| Plutos Sama | Edward Eynon 3-81007 | 10/31/2018 | American Airlines | 407.4 |
| Plutos Sama | Edward Eynon 3-81007 | 10/29/2018 | American Airlines | 594 |
| Plutos Sama | Edward Eynon 3-81007 | 9/20/2018 | American Airlines | 491.39 |
| Plutos Sama | Edward Eynon 3-81007 | 9/12/2018 | American Airlines | 446.4 |
| Plutos Sama | Edward Eynon 3-81007 | 9/8/2018 | American Airlines | 491.39 |
| Plutos Sama | Edward Eynon 3-81007 | 9/8/2018 | American Airlines | 457.4 |
| Plutos Sama | Edward Eynon 3-81007 | 9/1/2018 | American Airlines | 298.99 |
| Plutos Sama | Edward Eynon 3-81007 | 8/28/2018 | American Airlines | 229.2 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 9/7/2018 | American Airlines | 411.59 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 8/10/2018 | American Airlines | 478.51 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 7/25/2018 | American Airlines | 307.99 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 7/25/2018 | American Airlines | 246.4 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 5/3/2018 | American Airlines | 1165.6 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 1/11/2018 | American Airlines | 329.3 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 1/11/2018 | American Airlines | 36.8 |
| Plutos Sama | Grace Kim 6-11008 | 9/14/2016 | American Airlines | 25 |
| Plutos Sama | Grace Kim 6-11008 | 9/11/2016 | American Airlines | 25 |
| Plutos Sama | Grace Kim 6-11008 | 9/3/2016 | American Airlines | 606.37 |
| Plutos Sama | Grace Kim 6-11008 | 7/23/2016 | American Airlines | 25 |
| Plutos Sama | Grace Kim 6-11008 | 7/23/2016 | American Airlines | 25 |
| Plutos Sama | Grace Kim 6-11008 | 7/20/2016 | American Airlines | 25 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 8/22/2018 | American Airlines | 25 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 8/21/2018 | American Airlines | 164.8 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 8/21/2018 | American Airlines | 38.35 |
| Plutos Sama | James Peterman 3-31005 | 1/5/2017 | American Airlines | 158.4 |
| Plutos Sama | Lisbeth Merrill 3-81007 | 11/12/2016 | American Airlines | 63.08 |
| Plutos Sama | Marcin Balczunas 1-41009 | 3/2/2017 | American Airlines | 3900.46 |
| Plutos Sama | Plutos Sama LLC 3-21002 | 1/26/2018 | American Airlines | 30 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 3/29/2017 | American Airlines | 726.89 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 3/17/2017 | American Airlines | 311.02 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 12/12/2016 | American Airlines | 682.8 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 9/20/2016 | American Airlines | 490.6 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 9/20/2016 | American Airlines | 1100.2 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 9/20/2016 | American Airlines | 847.3 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 9/14/2016 | American Airlines | 31 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 9/6/2016 | American Airlines | 466.2 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 9/2/2016 | American Airlines | 410.2 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 9/2/2016 | American Airlines | 410.2 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 7/6/2016 | American Airlines | 218 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-31002 | 6/23/2016 | American Airlines | 582.2 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 12/14/2015 | American Airlines | 548.7 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 12/11/2015 | American Airlines | 399.2 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 12/1/2015 | American Airlines | 250 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 11/25/2015 | American Airlines | 386.2 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 11/25/2015 | American Airlines | 386.2 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 11/24/2015 | American Airlines | 315.2 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 11/20/2015 | American Airlines | 274.6 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 10/23/2015 | American Airlines | 522.2 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 10/14/2015 | American Airlines | 361.2 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 7/14/2015 | American Airlines | 319.6 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 6/12/2015 | American Airlines | 884.2 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 4/10/2015 | American Airlines | 649.2 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 4/10/2015 | American Airlines | 649.2 |
| Plutos Sama | Plutos Sama LLC - Sabine Schneider 0-31002 | 3/16/2015 | American Airlines | 55.84 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-32000 | 2/2/2018 | American Airlines | 479.93 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-32000 | 2/2/2018 | American Airlines | 479.93 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-32000 | 2/2/2018 | American Airlines | 218.22 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-32000 | 2/2/2018 | American Airlines | 218.22 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-32000 | 8/10/2017 | American Airlines | 92.89 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-32000 | 8/10/2017 | American Airlines | 401 |
| Plutos Sama | Plutos Sama LLC - Sarina Browndorf 0-32000 | 7/20/2017 | American Airlines | 712.82 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-11002 | 9/13/2017 | American Airlines | 488.39 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-11002 | 9/9/2017 | American Airlines | 708.4 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-11002 | 9/9/2017 | American Airlines | 69.72 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-21009 | 1/7/2017 | American Airlines | 610.2 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-21009 | 1/7/2017 | American Airlines | 610.2 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-21009 | 1/6/2017 | American Airlines | 9 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-21009 | 9/2/2016 | American Airlines | 591.1 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-21009 | 9/2/2016 | American Airlines | 14.37 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-21009 | 9/1/2016 | American Airlines | 753.44 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-21009 | 4/29/2016 | American Airlines | 297.1 |
| Plutos Sama | Matthew C. Browndorff - Plutos Sama, LLC 1-21009 | 2/19/2016 | American Airlines | 542.75 |
| Plutos Sama | Michael Goldstein 2-91001 | 3/13/2017 | American Airlines | 36.55 |
| Plutos Sama | Michael Goldstein 2-91001 | 3/5/2017 | American Airlines | 398.6 |
| Plutos Sama | Michael Goldstein 2-91001 | 3/4/2017 | American Airlines | 576.1 |
| Plutos Sama | Michael Goldstein 2-91001 | 2/25/2017 | American Airlines | 394.6 |
| Plutos Sama | Patrick Farenga 6-01003 | 1/20/2017 | American Airlines | 963.17 |
| Plutos Sama | Patrick Farenga 6-01003 | 1/14/2017 | American Airlines | 555.5 |
| Plutos Sama | Patrick Farenga 6-01003 | 12/31/2016 | American Airlines | 40 |
| Plutos Sama | Patrick Farenga 6-01003 | 12/31/2016 | American Airlines | 30 |
| Plutos Sama | Patrick Farenga 6-01003 | 7/19/2016 | American Airlines | 1109.2 |
| Plutos Sama | Patrick Farenga 6-01003 | 7/9/2016 | American Airlines | 335 |
| Plutos Sama | Patrick Farenga 6-01003 | 6/16/2016 | American Airlines | 244 |
| Plutos Sama | Patrick Farenga 6-01003 | 5/28/2016 | American Airlines | 788.2 |
| Plutos Sama | Patrick Farenga 6-01003 | 5/19/2016 | American Airlines | 683 |
| Plutos Sama | Patrick Farenga 6-01003 | 5/12/2016 | American Airlines | 139.1 |
| Plutos Sama | Patrick Farenga 6-01003 | 5/12/2016 | American Airlines | 312.1 |
| Plutos Sama | Patrick Farenga 6-01003 | 5/12/2016 | American Airlines | 208.89 |
| Plutos Sama | Patrick Farenga 6-01003 | 4/26/2016 | American Airlines | 832.2 |
| Plutos Sama | Patrick Farenga 6-01003 | 4/21/2016 | American Airlines | 798.2 |
| Plutos Sama | Patrick Farenga 6-01003 | 4/21/2016 | American Airlines | 798.2 |
| Plutos Sama | Patrick Farenga 6-01003 | 4/14/2016 | American Airlines | 253.6 |
| Plutos Sama | Patrick Farenga 6-01003 | 3/30/2016 | American Airlines | 665.76 |
| Plutos Sama | Patrick Farenga 6-01003 | 3/26/2016 | American Airlines | 665.76 |
| Plutos Sama | Patrick Farenga 6-01003 | 3/10/2016 | American Airlines | 818.2 |
| Plutos Sama | Patrick Farenga 6-01003 | 3/1/2016 | American Airlines | 628.2 |
| Plutos Sama | Patrick Farenga 6-01003 | 2/23/2016 | American Airlines | 811.7 |
| Plutos Sama | Patrick Farenga 6-01003 | 2/18/2016 | American Airlines | 262.7 |
| Plutos Sama | Patrick Farenga 6-01003 | 2/17/2016 | American Airlines | 447.15 |
| Plutos Sama | Patrick Farenga 6-01003 | 2/17/2016 | American Airlines | 227.97 |
| Plutos Sama | Patrick Farenga 6-01003 | 2/13/2016 | American Airlines | 612.2 |
| Plutos Sama | Patrick Farenga 6-01003 | 2/13/2016 | American Airlines | 620.31 |
| Plutos Sama | Patrick Farenga 6-01003 | 1/22/2016 | American Airlines | 382.2 |
| Plutos Sama | Patrick Farenga 6-01003 | 1/20/2016 | American Airlines | 500.7 |
| Plutos Sama | Patrick Farenga 1-21009 | 9/16/2016 | American Airlines | 171 |
| Plutos Sama | Patrick Farenga 1-21009 | 9/16/2016 | American Airlines | 32.11 |
| Plutos Sama | Patrick Farenga 1-21009 | 9/8/2016 | American Airlines | 398.8 |
| Plutos Sama | Patrick Farenga 1-21009 | 9/8/2016 | American Airlines | 28.94 |
| Plutos Sama | Patrick Farenga 1-21009 | 9/2/2016 | American Airlines | 523.2 |
| Plutos Sama | Patrick Farenga 1-21009 | 9/2/2016 | American Airlines | 401.2 |
| Plutos Sama | Patrick Farenga 1-21009 | 9/2/2016 | American Airlines | 16.05 |
| Plutos Sama | Patrick Farenga 1-21009 | 9/2/2016 | American Airlines | 57.87 |
| Plutos Sama | Patrick Farenga 1-21009 | 7/20/2016 | American Airlines | 10 |
| Plutos Sama | Patrick Farenga 1-21009 | 7/16/2016 | American Airlines | 540 |
| Plutos Sama | Patrick Farenga 1-21009 | 6/10/2016 | American Airlines | 726.2 |
| Plutos Sama | Patrick Farenga 1-21009 | 6/10/2016 | American Airlines | 62.86 |
| Plutos Sama | Patrick Farenga 1-21009 | 2/25/2016 | American Airlines | 351.2 |
| Plutos Sama | Patrick Farenga 1-21009 | 2/12/2016 | American Airlines | 712.7 |
| Plutos Sama | Victor Boyd 3-81001 | 8/30/2018 | American Airlines | 25 |
| Plutos Sama | Victor Boyd 3-81001 | 8/28/2018 | American Airlines | 22.18 |
| Plutos Sama | Victor Boyd 3-81001 | 8/28/2018 | American Airlines | 25 |
| **Total** | | | | **52237.42** |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>RICHARD A. MARSHACK, Chapter 7 Trustee | **DEFENDANTS**<br>AMERICAN AIRLINES, INC., a Delaware corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Elkins Kalt Weintraub Reuben Gartside LLP<br>10345 W. Olympic Blvd., Los Angeles, CA 90064<br>(310) 746-4400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

1) Avoid Transfers under 11 U.S.C. § 544(b), and Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05 and Cal. Civ. Code § 3439.07);
2) Avoid Constructively Fraudulent Transfers Under 11 U.S.C. § 548(a)(1)(B); and
3) Recover Avoidable Transfers Under 11 U.S.C. § 550(a).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought: A judgment against Defendant that (i) avoids the Transfers from the Debtor to or for the benefit of Defendant; (ii) imposes a constructive trust on the Transfers and any proceeds thereof; (iii) requires Defendant to return the Transfers and their proceeds, or their value, to the Trustee, for the benefit of the Estate; (iv) for interest at the legal rate on all damages or sums awarded to Trustee, for the benefit of the Estate; and (v) for such other relief the Court deems just and proper.

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  LF RUNOFF 2, LLC | BANKRUPTCY CASE NO.  8:19-bk-10526-TA | |
| DISTRICT IN WHICH CASE IS PENDING  Central District of California | DIVISION OFFICE  Santa Ana | NAME OF JUDGE  Hon. Theodor C. Albert |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  */s/ Lauren N. Gans* | | |
| DATE  April 12, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Lauren N. Gans | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.